1  JAMES ANDREW HINDS, JR. (SBN 71222)
   jhinds@jhindslaw.com
2  PAUL R. SHANKMAN (SBN 113608)
   pshankman@jhindslaw.com
3  CRISTINA F. KEITH (SBN 235578)
   ckeith@jhindslaw.com
4  HINDS & SHANKMAN, LLP
   21515 Hawthorne Blvd., Suite 1150
5  Torrance, California 90503
   Telephone: (310) 316-0500
6  Facsimile: (310) 792-5977

7  Attorneys for Abdul Halim Sheikh, Defendant

8
                    UNITED STATES BANKRUPTCY COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10
                      WOODLAND HILLS DIVISION
11

12  In re                          )   Case No.   1:11-bk-15442-AA
                                    )
13  ABDUL HALIM SHEIKH,            )   (Chapter 11)
                                    )
14           Reorganized Debtor.    )   Adv. No.  1:11-ap 01393-AA
                                    )
15  _____ )
                                    )   MOTION TO DISMISS COMPLAINT
16  TONY HSU, and GEOFF HSU,       )
                                    )
17           Plaintiffs,            )
                                    )
18  v.                              )
                                    )   Date:      August 3, 2011
19  ABDUL HALIM SHEIKH, et al.,    )   Time:      10:00 a.m.
                                    )   CTRM:      #303
20           Defendants.            )              21041 Burbank Blvd.,
    _____ )              Woodland Hills, CA 91367
21

22  TO THE HONORABLE ALAN M. AHART, UNITED STATES BANKRUPTCY JUDGE,

    PLAINTIFFS, AND THEIR COUNSEL OF RECORD:
23
             PLEASE TAKE NOTICE that on Wednesday, August 3, 2011 at 10:00 a.m., or as
24
    soon thereafter as counsel may be heard in Courtroom # 303 of the United States
25
    Bankruptcy Court located at 21041 Burbank Blvd., Woodland Hills, CA 91367, Defendant
26
    Abdul Halim Sheikh (hereinafter referred to as the "Defendant") in the above-captioned
27
    adversary proceeding will move this Court to dismiss the Complaint filed by the Plaintiffs,
28
    Tony Hsu and Geoff Hsu, without leave to amend.

1    This Motion is made and is based on this Motion, the attached Memorandum of

2  Points and Authorities, and the Request for Judicial Notice of pleadings filed in the

3  Sheikh chapter 11Bankruptcy Case.  The Defendant contends that the Complaint and

4  each claim for relief stated therein, is subject to dismissal under Rule 7012 of the Rules

5  of Bankruptcy Procedure (Rule 12(b) of the Rules of Civil Procedure).

6    **PLEASE TAKE FURTHER NOTICE** that objections, if any, to this Motion shall be

7  in writing and filed with the Clerk of the United States Bankruptcy Court at 21041 Burbank

8  Blvd., Woodland Hills, CA 91367, and served upon counsel to the Debtor, James Andrew

9  Hinds, Jr., Hinds & Shankman, 21515 Hawthorne Boulevard, Suite 1150, Torrance,

10  California 90503, no later than 14 days prior to the date set for hearing on this Motion.

11  Objections not timely filed and served in accordance with this Notice and the Local Rules

12  of this Court shall be deemed waived. And deemed to be a consent to the relief

13  requested in this Motion.

14

15  DATED: June 30, 2011           JAMES ANDREW HINDS, JR.
                                   PAUL R. SHANKMAN
16                                 CRISTINA F. KEITH
                                   HINDS & SHANKMAN, LLP
17

18                                 By:  ___/s/   James Andrew Hinds, Jr._____
                                        James Andrew Hinds, Jr.
19                                 Attorneys for Abdul Halim Sheikh, Defendant

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**PAGE(S)**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.      STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.      General Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        B.      The Claims Asserted By The Plaintiffs In Their Complaint. . . . . . . . . . . . 4

II.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        A.      The Complaint Fails To State Any Claims On Which Relief May
                Be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        B.      Because The Plaintiffs Failed To File A Proof Of Claim Against The
                Defendant For Their First, Fourth, Fifth, Sixth, And Seventh Causes Of
                Action Prior To The Deadline For Such Proofs Of Claims, Their Claims
                Related To These Claims For Relief Are Barred. . . . . . . . . . . . . . . . . . 11

        C.      The Second And Third Claims For Relief For Dischargeability
                Are Untimely. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        D.      The Complaint As It Is Asserted Against Does 1 Through 10 Must Be
                Dismissed For Lack of Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . 16

III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

**PAGE(S)**

## *CASES:*

Allen v. Westpoint-Pewerell Inc.,
(2d cir. 1991) 945 F.2d 40, 44. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Amfac Mortgage Corp. v. Arizona Mall of Tempe. Inc.
(9th Cir. 1978) 583 F.2d 426, 429. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Audit Servs., Inc. v. Rolfson
(9th Cir.1981) 641 F.2d 757, 761 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Baker v. McNeil Island Correction Center
(9th Cir. 1988) 859 F.2d 124, 127 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Brandon v. Interfirst Corp.
(5th Cir. 1988) 858 F.2d 266, 268 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Casey v. Abdelrahman
(S.D.N.Y. 2005) 323 B.R. 834, 837 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Epstein v. Washington Energy Co.
(9th Cir. 1996) 83 F.3d 1136, 1139. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Aluminum Mills Corp.
(Bankr. ND. Ill. 1991) 132 B.R. 869 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Analytical Systems, Inc.
(11th Cir. Ga. 1991) 933 F.2d 939, 942-43 . . . . . . . . . . . . . . . . . . . . . . . . . 11

In re Coastal Plains, Inc.
(5th Cir. 1999) 179 F.3d 197, 205 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Cole Associates. Inc.
(Bankr. Utah 1980) 7 B.R. 154 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Fonneman
(Bankr. N.D. Ill. 1991) 128 B.R. 214. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Mercon Industries. Inc.,
(Bankr. Pa. 1984) 37 B.R. 549 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Inner City Leasing and Trucking Co. Inc. v. City of Gary. Ind
(N.D.Ind. 1990) 759 F.Supp. 461. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Lovelace v. Software Spectrum Inc.
(5th Cir. 1996) 78 F.3d 1015 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Materson v. Stokes
(E.D. Va. 1996) 166 F.R.D. 368, 370. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

New Hampshire v. Maine
(2001) 532 U.S. 742, 750 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Pacor, Inc. v. Higgins
(3rd Cir. 1984) 743 F.2d 984, 994. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF AUTHORITIES

**PAGE(S)**

Pelletier v. Donald (In re Donald)
(BAP 1st Cir. 1999) 240 B.R. 141, 146 ................................. 14

Pioneer Inv. Servs. Co. v. Brunswick Assocs.
(1993) 507 U.S. 380 .................................................. 12

Russell v. Rolfs
(9th Cir.1990) 893 F.2d 1033, 1037). ................................. 9

Spectravest. Inc. v. Mervyn's. Inc.
(N.D. Cal 1987) 673 F.Supp. 1486. .................................... 10

Tank Lines, Inc. v. Klavan (In re Klavan)
(Bankr. E.D. Va. 2002) 297 B.R. 474, 475 ............................. 16

Teledyne Indus., Inc. v. NLRB
(6th Cir.1990) 911 F.2d 1214, 1220. .................................. 10

**STATUTES:**

11 U.S.C.

    § 521(a)(1) ...................................................... 12

    § 523(a)(3)(A) ................................................ 12, 13

    § 523(a)(A) ...................................................... 12

    § 523(a)(2) ...................................................... 13

    § 523(a)(2)(A) ................................................... 13

    § 523(a)(2)(B) ................................................... 13

    §1107 ............................................................ 3

    §1108 ............................................................ 3

28 U.S.C.

    §1334(b) ......................................................... 16

Federal Rule of Bankruptcy Procedure

    § 3003(c) ........................................................ 12

    § 7012(b) ...................................................... 8, 16

Rules of Civil Procedure

    §12(b) .......................................................... 2, 8

    § 341(a) ......................................................... 14

    § 523(c) ...................................................... 13, 14

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

## I.

## STATEMENT OF FACTS[1]

### A.    General Background.[2]

The Defendant, an individual, filed his chapter 11 case on October 27, 2009 (hereinafter referred to as the "Petition Date").  After the Petition Date the Defendant operated his business as the Debtor-In-Possession under 11 U.S.C. §§ 1107 and 1108 of the Code.

The Defendant's chapter 11 filing was ultimately necessitated by the actions of the Defendant's senior lender to have a receiver appointed as part of its pending state court action against the Defendant and the substantially completed commercial development located at 4253-4263 Oceanside Boulevard, Oceanside, California and commonly known as Oceanside Marketplace and Business Center (hereinafter referred to as the "Oceanside Project").  Additional background information on this case is in the "Fourth Amended Statement And Plan Of Reorganization For Abdul Halim Sheikh" (Docket No. 232) (hereinafter referred to as the "Plan"),[3] which was filed on December 22, 2010. (See RJN Exhibit.)  The related Disclosure Statement was approved in the "Order Approving Third Amended Disclosure Statement And Plan Of Reorganization" entered on 1/3/2011.  (See RJN Exhibit No. 241.)  The Plan was confirmed by entry of this Court's "Order Approving Motion to Confirm Plan of Reorganization and Confirming Amended Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code"

---

[1]    The Defendant is concurrently filing a Request for Judicial Notice ("RJN") with the pleadings in the Bankruptcy Case that support this Motion.

[2]    The discussion in the Statement of Facts is supported by the Opposition to Motion for Order Permitting Creditors to File Late Proofs of Claim Against the Debtor (Docket No. 334) (hereinafter referred to as the "Opposition to Late Claims").  (See RJN Exhibits 334 and 342 (Notice of Errata).)

[3]    The Defendant filed his original disclosure statement and plan (Docket No. 158) on October 8, 2010, and four amendments of his disclosure statement and plan in December of 2010 – the month in which the Hsu Brothers say they actually learned of the Defendant's bankruptcy case.  (The amendments are Docket Nos. 192, 205, 222, and 232.)

1  (Docket No. 278-1), which was entered on February 4, 2011.  (See RJN Exhibit No. 278-

2  1.)

3      The Plan discussed the Defendant's work for his food supply and distribution

4  company, the business of which is at issue in the Complaint, and the Plan explained that

5  the sources of money earmarked to pay creditors and interest-holders include all or such

6  portion of earnings from personal services performed by the Defendant after the

7  commencement of this case or other future income of the Defendant as is necessary for

8  performance under the Plan.

9      Prior to Plan Confirmation in this case the Court set a Bar Date.  Notice of Bar

10  Date was given to all creditors of the Debtor.  The Plaintiffs in this case were listed in the

11  Debtor's Schedules and on the Mailing Matrix and thus given notice of the Bar date.  No

12  timely (or other) Proof fo Claim was filed by the Plaintiffs prior to the Bar Date.

13      The Plan listed all of the anticipated unsecured nonpriority claims, which did not

14  include any claims for the Plaintiffs since no Claim had been filed for them.  (Plan at page

15  24 (Class Four, Unsecured Claims).)  The Plan also advised, that "[m]ost likely, general

16  unsecured creditors can expect a zero payment under the Plan unless there is a

17  substantial recovery from East West Bank on the pending adversary proceeding."

18

19      B.    The Claims Asserted By The Plaintiffs In Their Complaint.

20      The Plaintiffs filed their Complaint in this adversary proceeding on May 26, 2011

21  and concurrently filed the Motion for Order Permitting Creditors to File Late Proofs of

22  Claim Against the Debtor (Docket No. 327) (hereinafter referred to as the "Late Claim

23  Motion").  On June 22, 2011, the Defendant filed an Opposition to Late Claim Motion

24  (Docket No. 334) (hereinafter referred to as the "Opposition to Late Claims") seeking

25  denial of the Late Claims Motion and on June 30, 2011, a Notice of Errata (Docket No.

26  342).

27      The Plaintiffs'' claims that are set out in the Complaint appear to relate to that

28  certain Partnership Agreement, which is attached to the Complaint as Exhibit "C"

(hereinafter referred to as the "Agreement").[4]  In summary, the Complaint alleges that in 2008, and prior to the filing of the chapter 11 case, the Hsu Brothers and their father, James Hsu, expressed interest in entering a partnership agreement with the in the Defendant's food business (known as Food USA business) on basically the terms and conditions of the Agreement.  The Plaintiffs and James Hsu sent the Defendant a contract which had James, Tony, and Geoff Hsu as "partners."  However, later, and for reasons known only with the Plaintiffs, the Plaintiffs decided to enter the Agreement <u>without their father as a partner</u>.

Under the Agreement, the Plaintiffs were to pay the Defendant $150,000 at the beginning of the Agreement and $100,000 after six-months if they wanted to buy the business outright.  (See Section 13 of the Agreement.)  James Hsu (the Plaintiffs' father) paid $75,000 and Tony Hsu paid $75,000 of the initial $150,000 payment.

The Plaintiffs operated the food business with the Defendant for a number of weeks, appearing at customers and suppliers.  The Plaintiffs were given access to the books and records of the Defendant during the time that the looked at the business and after the initial $150,000 payment was made.  The Defendant denies the characterization by the Plaintiffs of his operation of the Food USA business as being fraudulent or otherwise unethical.

The Agreement provides that the term of the Agreement commenced on December 1, 2008 and expired on May 30, 2009, unless the Plaintiffs did not exercise their discretion to continue the partnership beyond May 30, 2009.  (Section 4 of the Agreement.)  The Plaintiffs allege that they did not exercise their option to continue the Agreement (see Declaration of Geoff Hsu at ¶ 27 and Declaration of Tony Hsu at ¶ 27 – Docket Item # # 330 and 331), so the Partnership only continued to May 30, 2009, approximately four (4)-months prior to the Petition Date.  At that time, the Defendant believed that the Plaintiffs were obliged to pay the Defendant the $100,000 required to

---

[4]        The same claims are asserted in the Late Claims Motion.

1  exercise their option to purchase the Food USA business under the terms of the

2  Agreement.

3       Around this time, the Defendant was told by people that work in a meat market

4  that the Plaintiffs were operating a business similar to the business of Food USA under

5  the name of their father's company, J.H. World Express, Inc.  The Defendant formed the

6  impression that the Plaintiffs decided to take what they learned from the Defendant and

7  his Food USA business and run a food business under their father's company rather than

8  pay the Defendant the $100,000 needed to exercise their option to purchase the Food

9  USA business under the Agreement.

10      When Tony Hsu advised the Defendant that they would <u>not</u> pay him that $100,000

11  to buy the business, Tony told him they would not pay because they did not have the

12  funds.  The Defendant discussed with the Plaintiffs selling his Food USA business and

13  getting paid the balance of the $100,000 out of the proceeds.  However, the Food USA

14  business was never sold.

15      Section 20 of the Agreement provides for notices related to the Agreement

16      Any and all notices, offers, acceptances, requests, certifications and consents

17      provided for in this Agreement shall be in writing and shall be given and deemed to

18      have been given when personally delivered against a signed receipt or mailed by

19      registered or certified mail . . . to the last address which the addressee has given

20      to the Partnership.  The address of each partner is set under his signature at the

21      end of this Agreement, and each partner agrees to notify the Partnership of any

22      change of address . . . .

23  However, the Agreement does not list any address for any of the Partners, including the

24  Plaintiffs, after the signatures (or elsewhere).  The Plaintiffs allege that they did not

25  actually learn of this bankruptcy case in December of 2010.  (Complaint at ¶ 35.)

26  However, notices about this case – including notice of its filing and of the Bar Date for

27  claims – was sent to them via their counsel, as explained below.

28  / / /

1    The Plaintiffs' counsel, Ethan & Associates, sent a letter to the Defendant dated

2    October 15, 2009, advising the Defendant to contact Ethan & Associates' office regarding

3    the Plaintiffs' claims against the Defendant.  A true and correct copy of this letter is

4    attached as Exhibit "A" to the Opposition to Motion to File Late Claims.  In this letter, the

5    subject line refers to J.H. World Express, Inc., which the Defendant knew was a company

6    owned by the Plaintiffs' father, James Hsu.  After receiving this letter, the Defendant

7    called Brian Laiche, Esq., of Ethan & Associates, to ask what it was about.  The

8    Defendant believes he spoke to Mr. Laiche, but in any event he spoke with a

9    representative of Ethan & Associates, who asked the Defendant if he knew Tony Hsu.

10   The Defendant said that he did, and this representative told the Defendant that Ethan &

11   Associates was pursuing Tony Hsu's claim against the Defendant.  The Defendant

12   understood this to mean that the Plaintiffs had hired their father's law firm to try to collect

13   money from him.

14       Because of the letter from Ethan & Associates, the statements made to the

15   Defendant by a representative of Ethan & Associates, and the lack of contact with the

16   Defendant by the Plaintiffs since approximately June 10, 2009, the Defendant believed

17   that Ethan & Associates was the authorized representative of the Plaintiffs for their claims

18   against him related to the Agreement.  Accordingly, the Defendant scheduled the Hsu

19   Claims as "disputed," "contingent." and "unliquidated" under the account identifier J.H.

20   World Express, Inc.  (See RJN Exhibit No. 1-1 (page 6 of part 2 of Schedule F on which

21   the Hsu Brothers Claims were scheduled under the account identifier J.H. World Express,

22   Inc.).)  The Hsu Claims were also listed in the Defendant's Mailing Matrix under the

23   account identifier J.H. World Express, Inc.  (See RJN Exhibit 1-1 (pages 12 and 15).)

24       Approximately three (3)-weeks after the Plaintiffs' counsel set the October 15,

25   2009-letter to the Defendant, on November 5, 2009, the Notice of Chapter 11 Bankruptcy

26   Case, Meeting of Creditors, & Deadlines (Docket No. 9) was served on (among others)

27   the Plaintiffs' counsel at J.H. World Express, Inc., c/o Ethan & Associates, 800

28   N.Causeway, 3rd Floor, Mandeville LA 70448-4664.  (See RJN Exhibit No. 9.)  Under the

1  heading "Deadlines," the Complaint Deadline Notice states: "Deadline to File a Complaint

2  to Determine Dischargeability of Certain Debts: February 8, 2010."

3        On December 17, 2009, the Notice of Bar Date for Filing Proofs of Claims and

4  Interests (Docket No. 29) was filed and served.  The Bar Date Notice was served, <u>inter</u>

5  <u>alia</u>, on the Plaintiffs at the following addresses: Ethan & Associates, 800 N. Causeway

6  Blvd., 3rd Floor, Mandeville, LA 70448 and J.H. World Express, Inc., c/o Ethan &

7  Associates, 800 N. Causeway Blvd., 3rd Floor, Mandeville, LA 70448.  (See RJN Exhibit

8  No. 29 at pp. 8-9.)  The Bar Date Notice advised that the bar date for filing proofs of claim

9  was <u>January 29, 2010</u>.  The Plaintiffs failed to file a Claim with this Court.

10        After the Plaintiffs say they actually learned about this case in <u>December 2010</u>, the

11  Hsu Brothers waited until <u>May 26, 2011</u> to file the Late Claim Motion and the Complaint.

12  The Plaintiffs have failed to explain away their delay in pursuing their rights in this case.

13        For the reasons discussed below, the Complaint fails to state any valid cause of

14  action against the Defendant.

15

16  <div align="center">**II.**</div>

17  <div align="center">**ARGUMENT**</div>

18  A.    <u>The Complaint Fails To State Any Claims On Which Relief May Be</u>

19        <u>Granted</u>.

20  Federal Rule of Civil Procedure 12(b), made applicable to Bankruptcy cases by

21  Federal Rule of Bankruptcy Procedure 7012(b) and Rule 9014, provides in pertinent part:

22      Every defense, in law or fact, to a claim for relief in any pleading, . . . shall be

23      asserted in the responsive pleading thereto if one is required, except that the

24      following defenses may at the option of the pleader be made by motion: . . . (1)

25      lack of subject-matter jurisdiction; . . .(6) failure to state a claim upon which relief

26      can be granted. . . .

27        In ruling on a motion to dismiss, this Court should grant the motion if it appears

28  beyond doubt that plaintiff can prove no set of facts which would entitle it to relief against

1  defendants.  Baker v. McNeil Island Correction Center (9th Cir. 1988) 859 F.2d 124, 127;

2  In re Aluminum Mills Corp. (Bankr. ND. Ill. 1991) 132 B.R. 869; In re Cole Associates.

3  Inc. (Bankr. Utah 1980) 7 B.R. 154; Amfac Mortgage Corp. v. Arizona Mall of Tempe. Inc.

4  (9th Cir. 1978) 583 F.2d 426, 429.  In evaluating a motion to dismiss, the court must look

5  at all of the allegations in the light most favorable to plaintiff.  In re Mercon Industries.

6  Inc., (Bankr. Pa. 1984) 37 B.R. 549; Inner City Leasing and Trucking Co. Inc. v. City of

7  Gary. Ind (N.D.Ind. 1990) 759 F.Supp. 461.  The issue is not whether the claimant will

8  ultimately prevail but whether the claimant has pled a theory of a cause of action which is

9  sufficient to entitle him to offer evidence in support of his claim.  In re Fonneman (Bankr.

10  N.D. Ill. 1991) 128 B.R. 214.  The existence of conclusory allegations and unwarranted

11  inferences in a complaint are insufficient to defeat a motion to dismiss.  Epstein v.

12  Washington Energy Co. (9th Cir. 1996) 83 F.3d 1136, 1139.

13      This Court can and should review the main case file and the Motion to File Late

14  Claim and the Defendant's Opposition thereto.  The ability of this Court to review and

15  consider the Plaintiff's Motion to File Late Claim is key to understanding why the Plaintiff

16  cannot state a claim in this case.  Based on the Plaintiff's averments made as part of

17  their Motion to File Late Claim, this Motion to Dismiss must be granted.

18      "Judicial estoppel is 'a common law doctrine by which a party who has assumed

19  one position in his pleadings may be estopped from assuming an inconsistent position.'"

20  In re Coastal Plains, Inc. (5th Cir. 1999) 179 F.3d 197, 205 (quoting Brandon v. Interfirst

21  Corp. (5th Cir. 1988) 858 F.2d 266, 268, cert. denied, 528 U.S. 1117 (2000)); see also

22  New Hampshire v. Maine (2001) 532 U.S. 742, 750 (quoting Russell v. Rolfs (9th

23  Cir.1990) 893 F.2d 1033, 1037).  Most courts have taken the position that "[a] court

24  should apply judicial estoppel if (1) the position of the party against which estoppel is

25  sought is plainly inconsistent with its prior legal position; (2) the party against which

26  estoppel is sought convinced a court to accept the prior position; and (3) the party did not

27  act inadvertently."  Coastal Plains, 179 F.3d at 206-07).

28

1    The doctrine of equitable estoppel differs from the doctrine of judicial estoppel to

2  the extent that it is aimed at protecting litigants rather than the integrity of the judicial

3  system. See Teledyne Indus., Inc. v. NLRB (6th Cir.1990) 911 F.2d 1214, 1220. As a

4  result, a party need not demonstrate judicial acceptance in order to invoke the doctrine of

5  equitable estoppel. Id. The factors that courts consider in invoking the doctrine of

6  equitable estoppel have been described by the Ninth Circuit as follows:

7        (1) The party to be estopped must know the facts; (2) he must intend that his

8        conduct shall be acted on or must so act that the party asserting the estoppel has

9        a right to believe it is so intended; (3) the latter must be ignorant of the true facts;

10       and (4) he must rely on the former's conduct to his injury.

11  Audit Servs., Inc. v. Rolfson (9th Cir.1981) 641 F.2d 757, 761 (citations omitted).

12       Whether under the doctrine of equitable estoppel or the doctrine of judicial

13  estoppel it is clear that the Plaintiffs notified the Defendant that they were to be contacted

14  through their lawyers and their father's company. The Defendants complied and gave all

15  required noticed in his chapter 11 case to the Plaintiffs at the addresses of Ethan &

16  Associates, 800 N. Causeway Blvd., 3rd Floor, Mandeville, LA 70448 and J.H. World

17  Express, Inc., c/o Ethan & Associates, 800 N. Causeway Blvd., 3rd Floor, Mandeville, LA

18  70448.

19       In determining whether to grant a motion to dismiss, a court may take into account

20  the facts contained in the pleadings as well as matters of which the judge may take

21  judicial notice. Lovelace v. Software Spectrum Inc. (5th Cir. 1996) 78 F.3d 1015; Allen v.

22  Westpoint-Pewerell Inc., (2d cir. 1991) 945 F.2d 40, 44. Matters of which a court may

23  take judicial notice include court records and proceedings in other federal cases.

24  Schweitzer v. Scott (C.D. Cal 1979) 469 F.Supp.1017; Spectravest. Inc. v. Mervyn's. Inc.

25  (N.D. Cal 1987) 673 F.Supp. 1486. Here, this Court is respectfully requested to review

26  the papers filed in regard to the Plaintiff's Motion to File Late Claim and the Defendant's

27  Opposition papers.

28  / / /

---

1       In this case the Plaintiffs have not pled or established the requisite foundational

2   facts to allow them to prosecute their alleged claims against the Defendant as a matter of

3   law.

4

5       B.    <u>Because The Plaintiffs Failed To File A Proof Of Claim Against The</u>

6           <u>Defendant For Their First, Fourth, Fifth, Sixth, And Seventh Causes Of</u>

7           <u>Action Prior To The Deadline For Such Proofs Of Claims, Their Claims</u>

8           <u>Related To These Claims For Relief Are Barred</u>.

9       As set forth in the Complaint the Plaintiffs assert the following Claims for Relief for

10  which they should have filed proofs of claim:

11      A.    First Cause Of Action For Breach Of Written Contract

12      B.    Fourth Cause Of Action For Fraud-Intentional Misrepresentation

13      C.    Fifth Cause Of Action For False Promise

14      D.    Sixth Cause Of Action For Unfair Business Practices

15      E.    Seventh Cause Of Action For Contribution

16  The Plaintiffs filed the Motion to File Late Claim seeking to file proofs of claim for the Hsu

17  Claims in this case, and the Defendant opposed that motion in the Opposition to Late

18  Claims.  The standards and application of law to this case is described in detail in the

19  Opposition to Late Claims.  (See RJN Exhibit 342 .)  A short description of the issue of

20  whether the Plaintiffs should be allowed to file late proofs of claim is as follows:

21      It is well-established that "a creditor whose claim is not scheduled, scheduled

22  improperly or scheduled as disputed, contingent, or unliquidated must file a proof of claim

23  with the bankruptcy court within the time fixed by that court.  Bankruptcy Rule 3003(c)."

24  <u>In re Analytical Systems, Inc.</u> (11th Cir. Ga. 1991) 933 F.2d 939, 942-43.  Federal Rule of

25  Bankruptcy Procedure ("Rule") 9006(b) provides in relevant part for late filing of claims:

26      when an act is required or allowed to be done at or within a specified period by

27      these rules or by a notice given thereunder or by order of court, the court for cause

28      shown may at any time in its discretion . . . on motion made after the expiration of

1    the specified period permit the act to be done where the failure to act was the

2    result of excusable neglect.

3  Fed. R. Bankr. P. 9006(b).  Because the time to file a proof of claim expired and the

4  Plaintiffs did not file proofs of claim prior to the Bar Date, the question is whether the

5  Plaintiffs' failure to timely file their proofs of claim was the result of "excusable neglect."

6  See Pioneer Inv. Servs. Co. v. Brunswick Assocs. (1993) 507 U.S. 380.  This issue is

7  being addressed in the hearing on the Late Claims Motion, which is scheduled for July 6,

8  2011, at 10:00 a.m. in this Court.  The Defendant filed his Opposition to the Motion to File

9  Late Claim seeking denial of the Late Claim Motion because the Plaintiffs received notice

10  as a result of notices given to their attorney, Ethan & Associates.  If the Court determines

11  in that hearing that the Plaintiffs' claims asserted in the Late Claims Motion are untimely,

12  then the Plaintiffs' First, Fourth, Fifth, Sixth, and Seventh Claims for Relief must fail

13  because the Plaintiffs have not timely filed proofs of claim for these Claims for Action.

14  See Bankruptcy Rule 3003(c).

15    In addition, the Plaintiffs have not asserted or provided evidence that these Claims

16  for Relief are nondischargeable under 11 U.S.C. § 523(a)(A), which provides the

17  requirements for the claims set forth in these causes of action to be nondischargeable:

18    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title

19    does not discharge an individual debtor from any debt - . . .

20    (3) neither listed nor scheduled under section 521(a)(1) of this title [11 USCS §

21    521(a)(1)], with the name, if known to the debtor, of the creditor to whom such

22    debt is owed, in time to permit —

23    (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this

24    subsection, timely filing of a proof of claim, unless such creditor had notice or

25    actual knowledge of the case in time for such timely filing . . . .

26  11 U.S.C. § 523(a)(3)(A).   If this Court denies the Late Claim Motion, then the Hsu

27  Brothers had notice of this case in time for filing their claims, and those claims are also

28

dischargeable pursuant to § 523(a)(3)(A). Accordingly, the Plaintiffs' First, Fourth, Fifth, Sixth, and Seventh Causes of Action must be dismissed.

C.    <u>The Second And Third Claims For Relief For Dischargeability Are Untimely</u>.

The Plaintiffs assert the Second Claim for Relief For Nondischargeability Pursuant To Section 523(a)(2)(A) and the Third Claim for Relief For Nondischargeability Pursuant To Section 523(a)(2)(B) in the Complaint. However, the Plaintiffs have not sought a determination that these claims are nondischargeable <u>prior to the deadline</u> for such claims, as explained below, and as such, each of these claims fail.

Section 523(a)(2) provides the requirements for nondischargeability of these causes of action as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt - . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by--

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing--

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive . . . .

11 U.S.C. § 523(a)(2). However, § 523(c) provides the only means by which a creditor may obtain a determination that a debt is nondischargeable under § 523(a)(2)(A) or (B):

(c) (1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of

1 subsection (a) of this section, unless, on request of the creditor to whom such debt

2 is owed, and after notice and a hearing, the court determines such debt to be

3 excepted from discharge under paragraph (2), (4), or (6), as the case may be, of

4 subsection (a) of this section.

5 11 U.S.C. § 523(c).

6       Thus, either the Plaintiffs needed to allege that their claims fit in the exception of §

7 523(a)(3)(B), or the Plaintiffs needed to seek a determination from this Court that these

8 debts were excepted from discharge "no later than 60-days after the first date set for the

9 meeting of creditors under § 341(a). The court shall give all creditors no less than 30-

10 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a

11 party in interest, after hearing on notice, the court may for cause extend the time fixed

12 under this subdivision. The motion shall be filed before the time has expired." Federal R.

13 Bankr. P. 4007(c); see also Casey v. Abdelrahman (S.D.N.Y. 2005) 323 B.R. 834, 837;

14 Pelletier v. Donald (In re Donald) (BAP 1st Cir. 1999) 240 B.R. 141, 146 ("A complaint to

15 determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed

16 not later than 60 days following the first date set for the meeting of creditors held

17 pursuant to § 341(a). The first date set for the 341 meeting was December 21, 1995.

18 Pelletier's complaint objecting to the dischargeability of his debt was filed on June 5,

19 1997, and therefore was clearly filed late.").

20       The Plaintiffs did not seek a determination from this Court that their debts were

21 excepted from discharge prior to the deadline in Rule 4007, so they needed to comply

22 with § 523(a)(3)(B), which states:

23      A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title

24 does not discharge an individual debtor from any debt . . . (3) neither listed nor

25 scheduled under section 521(a)(1) of this title [11 USCS § 521(a)(1)], with the

26 name, if known to the debtor, of the creditor to whom such debt is owed, in time to

27 permit —

28 ///

1    . . . (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this

2    subsection, timely filing of a proof of claim and timely request for a determination

3    of dischargeability of such debt under one of such paragraphs, unless such

4    creditor had notice or actual knowledge of the case in time for such timely filing

5    and request . . . .

6    11 U.S.C. 523(a)(3)(B).  The Plaintiffs have not alleged that their claims meet the

7    requirements of § 523(a)(3)(B), but even if the Plaintiffs amended their Complaint to

8    make this allegation, their claims cannot meet these requirements.

9    To establish that the debt falls within the exception [to dischargeability in 11 U.S.C.

10    § 523(a)(3)(B)], [Creditor] would need to establish that: (1) his claim was not listed

11    by [Debtor] in [his] petition, (2) he did not have notice nor actual knowledge of the

12    case in time for timely filing of his claim, and (3) the debt [meets the requirements

13    of Section 523(a)(A) or (B)].

14    Casey, 323 B.R. at 837 (internal quotes and citation omitted).

15    As noted above, the Defendant believes that because the Plaintiffs' claims were

16    scheduled under the account identifier J.H. World Express, Inc. and that the Plaintiffs had

17    notice of this case as a result of notice being provided to their counsel in time for timely

18    filing of their proofs of claim, which in turn means that the Plaintiffs had notice of this case

19    in time to seek a determination that these causes of action are nondischargeable.  If this

20    Court denies the Late Claim Motion (i.e., if the Court determines that the Plaintiffs cannot

21    file their claims after the Bar Date because they had notice of the case and the Bar June

22    30, 2011ate as a result of their claims being scheduled and notice being given to their

23    attorney, Ethan & Associates), then the Plaintiffs had notice of this case in time for timely

24    filing of a proof of claim and timely request for a determination of dischargeability of these

25    claims, so these causes of action are also dischargeable pursuant to § 523(a)(3)(B).

26    Accordingly, the Plaintiffs' Second and Third Causes of Action must be dismissed

27    as well as all of the other Causes of Action in the Complaint.

28

D.    <u>The Complaint As It Is Asserted Against Does 1 Through 10 Must Be
Dismissed For Lack of Jurisdiction</u>.

The Complaint is asserted against the Defendant and "Does 1 through 10." Rule 12(b)(1) states:

Federal Rule of Civil Procedure 12(b)(1) made applicable to Bankruptcy cases by Federal Rule of Bankruptcy Procedure 7012(b) provides in pertinent part:

Every defense, in law or fact, to a claim for relief in any pleading, . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of subject-matter jurisdiction . . . .

This Court does not have subject-matter jurisdiction over claims by the Plaintiffs against unnamed defendants (<u>i.e.</u>, Does 1 through 10). 28 U.S.C. Section 1334(b); <u>Tank Lines, Inc. v. Klavan</u> (<u>In re Klavan</u>) (Bankr. E.D. Va. 2002) 297 B.R. 474, 475.

Under 28 U.S.C. Section 1334(b) this Court may assert jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." This Court must determine "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." <u>Pacor, Inc. v. Higgins</u> (3rd Cir. 1984) 743 F.2d 984, 994. "The burden of proving that the matter is related is on the party asserting jurisdiction. See <u>Materson v. Stokes</u> (E.D. Va. 1996) 166 F.R.D. 368, 370.

In order for subject matter jurisdiction to be found, "there must be some nexus between the 'related' civil proceeding and the title 11 case." <u>Pacor</u>, 743 F.2d at 994. If the claims for relief against a defendant other than the debtor are state law causes of action, as here, the outcome of the claims against those defendants will have no effect on the administration of the bankruptcy estate or on the debtor's rights. See <u>Klavan</u>, 297 B.R. at 477-478 ("The court has been unable to find any case law supporting the use of § 523 to assert claims against third parties in bankruptcy court in the face of a jurisdictional objection. In my opinion, this court does not have jurisdiction over Triple R or Mid-Coast

1 in this case."). Accordingly, the Complaint as asserted against the Doe defendants must

2 be dismissed.

3

4                                    III.

5                              CONCLUSION

6        For the foregoing reasons, the Defendant submits that Plaintiffs have not and

7 cannot plead any claim which would entitle them to damages or other relief. Accordingly,

8 the Complaint, and each of the claims for relief should be dismissed without leave to

9 amend.

10

11 DATED: June 30, 2011          JAMES ANDREW HINDS, JR.
                                 PAUL R. SHANKMAN
12                               HINDS & SHANKMAN, LLP

13                               By:    /s/ James Andrew Hinds, Jr.
14                                      JAMES ANDREW HINDS, JR.
                                 Attorneys for Abdul Halim Sheikh, Defendant
15

Mot2Dismiss.6.30.11.wpd

16

17

18

19

20

21

22

23

24

25

26

27

28

| In re:<br>ABDUL HALIM SHEIKH,<br><br><div align="right">Debtor(s).</div> | CHAPTER 11<br><br>CASE No. 1:11-bk-15442-AA<br><br>Adv. No. 1:11-ap 01393 |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is HINDS & SHANKMAN, LLP, 21515 Hawthorne Blvd., Suite 1150, Torrance, California 90503

The foregoing document described as   MOTION TO DISMISS COMPLAINT   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 30, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- James Andrew Hinds    jhinds@jhindslaw.com
- Dare Law    dare.law@usdoj.gov
- Paul R Shankman    pshankman@jhindslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

<div align="right">☐   Service information continued on attached page</div>

**II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _June 30, 2011_ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

<div align="right">X   Service information continued on attached page</div>

**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (**indicate method for each person or entity served**):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

<div align="right">☐   Service information continued on attached page</div>

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 30, 2011       Rodaba S. Farid | /s/ RODABA S. FARID |
| --- | --- |
| *Date*            *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                **F 9013-3.1**

| In re: | CHAPTER  11 |
|---|---|
| ABDUL HALIM SHEIKH, | CASE No.  1:11-bk-15442-AA |
| Debtor(s). | Adv. No.  1:11-ap 01393 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_    **F 9013-3.1**

| In re:<br>ABDUL HALIM SHEIKH, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE No. 1:11-bk-15442-AA |
| | Adv. No. 1:11-ap 01393 |

**Served Via Federal Express:**

Law Clerk to Honorable Alan M. Ahart
United States Bankruptcy Court - Central District of California
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

**Served Via U.S. Mail:**

Abdul Halim Sheikh
2733 Via Miguel
Palos Verdes Estates, CA 90274-4480

Jonathan A. Michaels, Esq.
Michaels Law Group APLC
2801 W. Coast Hwy
Suite 370
Newport Beach, CA 92663

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**